[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10491
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-62033-MGC


IMAX CORPORATION,

                                          Plaintiff - Appellant,

versus

GIENCOURT INVESTMENTS, S.A.,

                                          Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2020)

Before JILL PRYOR, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

The primary question presented to us in this appeal is whether the district court properly denied IMAX Corporation's Petition to Vacate Arbitration Awards. After reviewing the record and reading the parties briefs, we conclude that it did.

**I.**

The district court assigned the Petition to Vacate Arbitration Awards to a magistrate judge under 28 U.S.C. § 636, *et seq*. We recite the background facts from the magistrate judge's Report and Recommendation ("R & R").

IMAX is an entertainment technology company that sells and leases proprietary entertainment systems. Giencourt Investments, S. A., agreed to act as a third-party sales force for IMAX, to sell IMAX systems to local exhibitors in South and Central America and the Caribbean. Between 2005 and 2013, IMAX and Giencourt entered into a series of agreements to sell IMAX theatres in those territories. Generally, those agreements provide that Giencourt will purchase a certain number of IMAX systems to sell on an agreed schedule.

The operative agreement between IMAX and Giencourt is the Amended and Restated Master Development Agreement for the Purchase and Sale and Maintenance of IMAX Digital Projection Systems and Trademark License dated February 20, 2013 (the "Agreement"). Pursuant to the Agreement, Giencourt has the exclusive right to sell in certain territories, while IMAX and Giencourt share

2

sales authority in other territories.  The Agreement contains an arbitration clause (the "Arbitration Clause"), which provides that "[a]ny dispute under this Agreement not settled by negotiations between the parties shall be submitted to final and binding arbitration pursuant to the rules of the Arbitration Association of America ("AAA").

The Agreement also provides that each time a system is sold, IMAX and Giencourt will enter into two independent agreements for the sale, lease, and maintenance of the theater ("Theater Agreements").  The Theater Agreements accord exclusive jurisdiction to resolve disputes to the Superior Court of Ontario, Canada.  Several Theater Agreements were in dispute at the time of the arbitration proceedings.  At the conclusion of the arbitration proceedings, the arbitral Tribunal issued a partial final award and then several months later the Tribunal issued its final award that resolved requests for relief on which it had deferred ruling.

The Tribunal ordered IMAX to pay Giencourt $971,525.38 in arbitration costs.  These costs represent $800,000 in reasonable attorneys' fees, and 70% of the administrative fees and expenses of the International Dispute Resolution Procedures of the AAA ("the ICDR Rules"), as well as 70% of the compensation and expenses of the arbitrators, which totals $171,525.38.

After hearing oral argument from the parties, the magistrate judge recommended to the district court that it deny IMAX's Petition to Vacate Arbitration Awards.  After making a *de novo* review of the magistrate judge's factual findings and legal conclusions, the district court adopted the R & R and denied IMAX's motion.  This appeal followed.

## II.

This court's review of an arbitration award must be "highly deferential and extremely limited."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015).  As for a district court's denial of a motion to vacate an award, we review its findings of fact for clear error and its legal conclusions *de novo*.  *Frazier v. Citifinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

## III.

The record indicates that the district court properly denied vacatur as to both awards because IMAX failed to carry its burden to establish any defense under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "New York Convention") or that the arbitral Tribunal exceeded its powers under the Federal Arbitration Act.  Because the record in this case supports the district court's order adopting the magistrate judge's R & R denying the Petition to Vacate

4

Arbitration Awards, we affirm the district court's order filed on January 10, 2020,

based on the thorough and well-reasoned  R & R of the magistrate judge filed on

September 27, 2019.

**AFFIRMED.**